Filed 8/27/25  Steward v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| RANDECCA C. STEWARD, | |
| Petitioner, | E081563 |
| v. | (Super.Ct.No. CIVSB2200990) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| RO-JOY-MIL, LLC, | |
| Real Party in Interest. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan F. Foster, Judge.  Construed as petition for writ of mandate and granted.

Randecca C. Steward, in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

In this partition action, defendant and appellant Randecca C. Steward appeals an interlocutory judgment ordering the sale of three properties. She argues, among other things, that the interlocutory judgment fails to determine the interests of the parties in the properties as required by statute. We agree. Following *Summers v. Superior Court* (2018) 24 Cal.App.5th 138 (*Summers*), which on similar facts questioned whether the interlocutory judgment was appealable and construed the appeal as a petition for writ of mandate, we construe Steward's appeal as a petition for writ of mandate and grant the petition.[1]

Plaintiff and respondent Ro-Joy-Mil LLC (Ro-Joy-Mil), which did not file a respondent's brief in this appeal, filed a complaint against Steward and others in February 2022. The complaint includes a cause of action for partition of three properties it co-owns with Steward. It later sought an interlocutory judgment of partition by sale, which the trial court entered on December 29, 2022.[2]

Steward raises three arguments for reversal on appeal. She first argues that the trial court lacked jurisdiction to grant the motion because an earlier partition case involving the same properties remained pending in a different trial court department that had specifically retained jurisdiction over the matter. Steward requests judicial notice of

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] Steward's father, Randolph Steward, was named a defendant in the same action. Randolph Steward appealed separately from the interlocutory judgment. We grant Steward's request for judicial notice of the appellate record in Randolph Steward's appeal. (Evid. Code, §§ 452, subd. (d), 459.)

certain filings in that case, which we grant.  (Evid. Code, §§ 452, subd. (d), 459.)  Those

filings do not, however, show that a different department still has jurisdiction.  A

partition action filed in 2006 named Steward as a defendant and involved the same

properties, and the trial court issued a July 13, 2010 order stating it would "retain[]

jurisdiction of this matter to enforce all orders issued in this matter."  (See also *King v.*

*Steward* (Nov. 21, 2014, E052121) [nonpub. opn.].)  But Ro-Joy-Mil was not a party in

that action, and the order was for a sale of the properties that appears not to have occurred

and was instead superseded by a different order that did *not* retain jurisdiction.  The July

13, 2010 order stated that the properties would be listed for 12 months at a certain list

price and that the price would be lowered every 90 days, but in 2012, the trial court

entered judgment naming Randolph Steward and the plaintiffs in that action as the sole

owners of the subject properties and terminating the interests of any unknown persons

claiming such an interest.  Because the July 13, 2010 order provided that the subject

properties would be listed for only 12 months, and because the 2012 judgment simply

names Randolph Steward and the plaintiffs as owners of the properties, the trial court has

no basis for continuing jurisdiction.  Steward cites no authority supporting a different

conclusion.  We therefore reject her argument.

Steward's second argument is that the trial court erred in ordering a partition sale

of the properties without first determining the parties' interests in them.  Following

*Summers*, we agree with Steward.

We first follow *Summers*'s procedural approach and construe Steward's appeal as a petition for writ of mandate. Section 904.1, subdivision (a)(9) authorizes appeals to be taken "'[f]rom an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made.'" (See *Summers*, *supra*, 24 Cal.App.5th at p. 141, citing § 904.1, subd. (a)(9).) In *Summers*, the trial court's ruling "pointedly did *not* determine the rights and interests of the parties." (*Summers*, *supra*, at p. 141.) Thus, "[g]iven the ruling's failure to determine the parties' ownership interests," *Summers* "question[ed] whether the ruling [was] an appealable interlocutory judgment within the meaning of section 904.1, subdivision (a)(9)." (*Summers*, at p. 141.) Instead of deciding whether the ruling was an appealable interlocutory judgment, however, *Summers* "exercise[d its] discretion to treat the appeal as a petition for a writ of mandate. Treating a purported appeal as a petition for writ of mandate is appropriate when, as here, there is uncertainty about an order's appealability." (*Id.* at p. 142.) Here, too, in light of the uncertainty about whether the order is appealable, we construe the appeal as a petition for writ of mandate.

*Summers* then, over four paragraphs, discussed the applicable law, concluding that a trial court errs when it orders the manner of partition (such as by sale) without first determining the parties' interests in the property:

"""[P]artition" is "the procedure for segregating and terminating common interests in the same parcel of property."' [Citation.] It is a ""remedy much favored by the law. The original purpose of partition was to permit cotenants to avoid the inconvenience and

dissension arising from sharing joint possession of land.  An additional reason to favor partition is the policy of facilitating transmission of title, thereby avoiding unreasonable restraints on the use and enjoyment of property.'"'  [Citation.]

"The governing statute is section 872.720.  Subdivision (a) declares that '[i]f the court finds that the plaintiff is entitled to partition, it shall make an interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property.'  (§ 872.720, subd. (a).)  The order of partition 'shall order that the property be divided among the parties in accordance with their interests as determined in the interlocutory judgment.'  (§ 872.810.)  Section 872.720, subdivision (b), allows the court to issue sequential interlocutory judgments for original concurrent and successive owners if the court determines that it 'is impracticable or highly inconvenient to make a single interlocutory judgment that determines, in the first instance, the interest of all the parties in the property.'  (§ 872.720, subd. (b).)

"When the trial court 'determines the interests of the parties in the property and orders the partition of the property,' it shall decide the manner of partition 'unless [this] is to be later determined.'  (§ 872.720, subd. (a).)  'The manner of partition may be "in kind"—i.e., physical division of the property [citation] according to the parties' interests as determined in the interlocutory judgment.  [Citations.]  Alternatively, if the parties agree or the court concludes it "would be more equitable," the court may order the property sold and the proceeds divided among the parties.'  [Citation.]

5

"Two points are made clear by these provisions.  First, an interlocutory judgment in a partition action is to include two elements:  a determination of the parties' interests in the property and an order granting the partition.  (§ 872.720, subd. (a).)  Second, the manner of partition—i.e., a physical division or sale of the property—is to be decided when or after the parties' ownership interests are determined, but not before.  (*Ibid.*)" (*Summers*, *supra*, 24 Cal.App.5th at pp. 142-143.)

"The standard of review for an interlocutory judgment of partition is abuse of discretion" (*Cummings v. Dessel* (2017) 13 Cal.App.5th 589, 597), and "a disposition that rests on an error of law constitutes an abuse of discretion" (*In re Charlisse C.* (2008) 45 Cal.4th 145, 159).

Here, the trial court's ruling ordered a sale of the subject properties without specifying the parties' interests.  The trial court "lacked the authority to order the sale of the propert[ies] before it determined the parties' respective ownership interests." (*Summers*, *supra*, 24 Cal.App.5th at p. 144.)

Steward's third argument is that the trial court abused its discretion in ordering a sale of the subject properties instead of partitioning the subject properties "in kind." Because our disposition will require the trial court to revisit the partition motion, Steward can raise her arguments regarding the manner of partition there after the trial court determines the parties' respective interests in the properties.  (See *Summers*, *supra*, 24 Cal.App.5th at p. 143 ["the manner of partition . . . is to be decided when or after the parties' ownership interests are determined, but not before"].)

DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court in *Ro-Joy-Mil, LLC v. Steward, et al.* (Super. Ct. San Bernardino County, No. CIVSB 2200990) to vacate its order of December 29, 2022, and to enter a new and different order consistent with this opinion.  The parties are to bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

7